IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID KRUPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MARTY QUINN, MICHAEL J. MADIGAN, | ) | |
| CITIZENS FOR MARTY QUINN, and | ) | |
| 13TH WARD DEMOCRATIC | ) | |
| ORGANIZATION, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, DAVID KRUPA, by and through his attorneys, Anthony J.

Peraica & Associates, Ltd., and for his Complaint against Defendants MARTY QUINN,

MICHAEL J. MADIGAN, CITIZENS FOR MARTY QUINN, and 13TH WARD

DEMOCRATIC ORGANIZATION states as follows:

## INTRODUCTORY STATEMENT

This action is the one of David Krupa, a very brave, serious young man who has dared to

challenge the Chicago Machine to end the rapacious reign of a corrupt power, only to see just

how shockingly corrupt that power can be in defending its ill-gotten power. It also exposes for

the public yet another example the vicious conduct that underlies and supports machine politics

in Chicago. Those politics must end, and will end if Chicagoans are willing to follow the lead of

David Krupa.

In short, political leaders who currently strain to project a benevolent face to the public

acted to physically threaten and intimidate not only a 19 year-old college student who had the

1

courage to challenge them to a public election, but extended their wrath and terror tactics even to the voters who signed his nomination petitions. They then tried to run sheer fraud past a public election board, filing literally *thousands* of false statements with the Board of Election Commissioners for the City of Chicago.

In their panicked reaction, these politicians and their thugs trampled upon the guarantees of the Unites States Constitution and its Bill of Rights. Not only fairness and justice, but constitutional guarantees of free speech and equal protection were ignored as the most powerful man in the State of Illinois and his cronies acted to try and crush a mere college student who dared to stand against them. When their evil and frightening deeds were exposed to the public, they "withdrew" their challenge to his candidacy, no doubt hoping to cast a curtain between their acts and the eyes of the voting public

That curtain will be ripped aside, for David Krupa is not only not afraid, he is now on the attack. David brings this action seeking remedy for the deprivation of civil rights granted by the United States Constitution and laws enacted thereunder, through acts and/or omissions of the Defendants committed under color of law in violation of 42 U.S.C. §1983 and as a conspiracy to commit said acts. He seeks legal relief including but not limited to compensatory damages, punitive damages, interest, costs and attorney's fees. By any measure of justice, he should receive them all.

## JURISDICTION AND VENUE

1.      Jurisdiction rests with this Court pursuant to 28 U.S.C. §§1331, 1343 and 1367.

2.      Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391 because all parties are located within this District and the events giving rise to the claims occurred in this District.

2

<u>**PARTIES**</u>

3.      Plaintiff DAVID KRUPA (hereinafter "DAVID") is a resident of Chicago,

Illinois and is a United States citizen.

4.      Defendant MARTY QUINN (hereinafter "QUINN") is a resident of Chicago,

Illinois.  At all times relevant QUINN was an Alderman of the City of Chicago representing the

13th Ward of the City of Chicago and Chairman of Defendant CITIZENS FOR MARTY

QUINN.

5.      Defendant MICHAEL J. MADIGAN (hereinafter "MADIGAN") is a resident of

Chicago, Illinois.  At all times relevant hereto MADIGAN was Speaker of the Illinois House of

Representatives, Representative in the Illinois House of Representatives representing the 22nd

Illinois House District of the State of Illinois, Chairman of the Illinois Democratic Party,

Democratic Ward Committeeman for the 13th Ward in the City of Chicago and Chairman of

Defendant 13TH WARD DEMOCRATIC ORGANIZATION.

6.      Defendant CITIZENS FOR MARTY QUINN (hereinafter "CITIZENS FOR

QUINN") was at all times relevant hereto an Illinois political committee based within Cook

County, State of Illinois.

7.      Defendant 13TH WARD DEMOCRATIC ORGANIZATION (hereinafter "13TH

WARD") was at all times relevant hereto an Illinois political committee with its principal place

of business based in Cook County, State of Illinois.

<u>**STATEMENT OF FACTS**</u>

**A.**     <u>**Michael J. Madigan**</u>

8.      Defendant MADIGAN has been the Representative of the 22nd Illinois House

District, which encompasses the 13th Ward in the City of Chicago, since 1971.

9.  Other than a short stint of Republican control of the Illinois House of Representatives from January 1996 to January 1997, Defendant MADIGAN has been the Speaker of the Illinois House of Representatives since 1983.

10.  Defendant MADIGAN has held the office of Chairman of the Democratic Party of Illinois since 1998. For the past twenty years the Democratic Party of Illinois has held substantial, and at times commanding electoral majorities in the General Assembly of the State of Illinois. For the past twenty years, the Democratic Party has enjoyed commanding majorities in the government of Cook County and its municipalities, including what has effectively been one-party rule in the City of Chicago.

11.  Defendant MADIGAN has held the office of Democratic Ward Committeeman for the 13th Ward of the City of Chicago since 1972. In that role, he is an influential voting member of the central committees of the Democratic Party in Cook County and the City of Chicago, bodies which routinely engage in the slating of candidates for public office in the County of Cook and the City of Chicago. As the Ward Committeeman, MADIGAN is a political party official and has responsibilities that include voter registration, community forums, distribution of election materials, voter turnout, and other actions to create victorious majorities for the Democratic Party. As Ward Committeeman, MADIGAN holds what is effectively complete power to obtain the appointment of precinct election judges in the 13th Ward of the City of Chicago by the Board of Election Commissioners of the City of Chicago (hereinafter the "BOARD"), an agency of the City of Chicago. Work as an Election Judge position results in remuneration from the City of Chicago.

12.  For a long time prior and at all times relevant hereto, Defendant MADIGAN was the Chairman and/or dominant principal of the 13th WARD. For a long time prior and at all

4

times relevant hereto, the offices of Defendant 13th WARD are located in the same building as MADIGAN'S office in the 22nd Illinois House District.

13.     Upon information and belief, as a result of his various political roles Defendant MADIGAN has actual or effective control over the political fund accounts of several political committees, including but not limited to Friends of Michael J Madigan, Democratic Majority Fund, Southwest Side 13th Ward Fund, the Democratic Party of Illinois and the accounts of Defendants CITIZENS FOR QUINN and 13th WARD.  Because of his longstanding political roles and power, MADIGAN has the ability to raise and command use of huge amounts of money for said accounts for political operations throughout the length and breadth of the state of Illinois, and to raise huge amounts of money for other campaign committees and political organizations as he sees fit.

14.     As a result of the combination of MADIGAN's long tenure in powerful governmental and political offices, his control of political funds and his fundraising ability, Defendant MADIGAN has the ability to exercise great influence over the slating and endorsement of candidates of the Democratic Party for public office at all levels, including public offices in the County of Cook, the City of Chicago, and the State of Illinois, together with nomination of replacements for  vacant political posts, including but not limited to the offices of Alderman in the City of Chicago, City Treasurer, City Clerk, Mayor of the City of Chicago, Cook County Commissioner, Cook County Board President, Cook County State's Attorney, Cook County Recorder of Deeds, Cook County Treasurer, Cook County Auditor, Cook County Board of Review Commissioner, Clerk of the Circuit Court of Cook County, State Representative, State Senator. State Treasurer, State Controller, State Attorney General, State Secretary of State, Governor, United States Congressman and United States Senator.

5

15.     As a direct result of his longtime tenure of powerful governmental and political offices, his control of political funds, his ability to virtually dictate the nomination of Democratic Party candidates for public office and the longstanding electoral majority of the Democratic Party in Illinois, MADIGAN is the unquestioned governmental and political "boss" of Illinois.

16.     In turn, as a direct result of his political and governmental power, Defendant MADIGAN had unparalleled ability to engage in direct appointments for government jobs, as well as direction of, or well-heeded "recommendations" for hiring of his preferred candidates for employment in the state, county and municipal governments of the State of Illinois as well as in the private sector.

**B.     Marty Quinn.**

17.     Defendant QUINN is a close political protégé and ally of Defendant MADIGAN who has worked his way up through the MADIGAN power structure.

18.     In 2011, QUINN ran unopposed for Alderman in the 13th Ward in the City of Chicago, when the incumbent, also a MADIGAN surrogate, withdrew despite being a long-term incumbent.

19.      On information and belief QUINN holds his aldermanic position exclusively through the political support of MADIGAN, supports all political positions and operations of MADIGAN as a loyal surrogate, and receives and follows the directives of MADIGAN concerning political matters, including but not limited to (1) QUINN's actions within the government of the City of Chicago, (2) QUINN's actions as Alderman within the 13th Ward of the City of Chicago, and (3) QUINN's political activities and endorsements.  QUINN also routinely works on campaigns for MADIGAN and acts on behalf of MADIGAN as a political strategist and political operative.

6

20.     Upon information and belief, QUINN, as Alderman for the 13th Ward, has influence over the doling out of jobs, favors and city services within and sometimes outside of the 13th Ward of the City of Chicago, but exercises said power strictly as a surrogate of MADIGAN.

**C.     Citizens for Marty Quinn**

21.     The purpose of the political action committee, CITIZENS FOR QUINN is to elect and re-elect QUINN to office.

22.     At all times relevant hereto, CITIZENS FOR QUINN acted by and through its employees and/or agents. CITIZENS FOR QUINN is staffed by and/or employs campaign workers and supporters of QUINN and MADIGAN.  Upon information and belief, QUINN is the principal of CITIZENS FOR QUINN, but all actions of the committee are subject to the directives of MADIGAN.

23.     Upon information and belief, Defendant QUINN controls the political fund of Defendant CITIZENS FOR QUINN but receives such funds almost exclusively through the largess of MADIGAN though funds and donors controlled by MADIGAN.

**D.     13th Ward Democratic Organization.**

24.     Defendant 13TH WARD conducts political activities in the 13th Ward of the City of Chicago under the direction of Ward Committeeman and Chairman MADIGAN by use of precinct captains, as well as "volunteers" who receive and hold jobs with the agencies of the governments of the State of Illinois, County of Cook and City of Chicago.

25.     Upon information and belief, the 13TH WARD and CITIZENS FOR QUINN have some of the same officers, employees, consultants, and/or volunteers.

**E.**     **The 2019 Aldermanic Election.**

26.     Pursuant to state law, a municipal election will be held in the City of Chicago on February 26, 2019. In said election, one race will be for a new four-year term as Alderman representing the 13th Ward in the City of Chicago.

27.     At all times relevant hereto, Defendant QUINN acted with intent to run as a candidate for re-election as Alderman representing the 13th Ward in the City of Chicago in the municipal election of February 26, 2019.

28.     At all times relevant hereto, Defendants MADIGAN, FRIENDS OF QUINN AND 13TH WARD were aware of QUINN's intent to run for re-election as Alderman representing the 13th Ward in the City of Chicago in the municipal election of February 26, 2019, and fully supported QUINN's bid for re-election.

**F.**     **David Krupa Campaign for Alderman.**

29.     DAVID KRUPA (hereinafter "DAVID") is a resident of the 13th Ward in the City of Chicago, a graduate of Fenwick High School in Chicago and now accepted as a student at DePaul University where he will be studying political science and business. DAVID has a desire to use his education to better the lives of the people in his community.

30.     In 2018, DAVID became fed up with the machine politics of Chicago and the 13th Ward. A young man wise beyond his years with a bearing of great poise, courage and maturity, he made the bold decision to run for Alderman of the 13th Ward as a reform candidate in the municipal election of February 26, 2019.

31.     DAVID adopted a platform of securing more Chicago Police patrol cars in not only the 13th Ward but each individual beats; attacking the City pension crisis head on to find solutions, and to stop soaring property tax hikes.

32.     Under state law, for his name to appear on the ballot for Alderman of the 13th Ward in the municipal election of February 26, 2019, DAVID needed to file with the BOARD by November 26, 2018 required paperwork that included Nomination Petitions containing a total of 473 valid signatures of registered voters in the 13th Ward.  In the Fall of 2018, DAVID and his supporters fanned out across the 13th Ward to meet the requirement of valid signatures of 13th ward voters to be on the ballot to face QUINN.

**G.     Defendants' Initial Conspiracy.**

33.     On information and belief, based upon the actual misconduct of Defendants, once Defendants became aware that DAVID intended to run for Alderman in the 13th Ward the Defendants entered into an agreement to engage in a campaign of intimidation, harassment and illegal tactics against DAVID to cause him to withdraw from running for Alderman or else hinder his campaign to the point where he could not get sufficient signatures to obtain ballot access in the municipal election of February 26, 2019.

34.     Defendants through their agents and operatives attempted to engage in personal intimidation of DAVID with an intent to cause his termination of his campaign, including but not limited to:

a.      Pairs of large male operatives and/ or agents of Defendants, which on Plaintiff's information and belief included Precinct Captains or other agents of 13TH WARD, routinely followed DAVID as he went door to door for signatures, entering the yards and stoops of voters after him and literally standing right behind DAVID  in a hostile manner as he asked for signatures, thereby intimidating the voters talking to DAVID;

b.      On one occasion when DAVID campaigned with voters in front a house, an operative and/or agents of Defendants who had been tailing him emerged from a truck, approached the group and instructed the voters "Don't talk to him!"  The operative then stated to DAVID "You're a nice kid, but I'd hate to see something bad happen to you."  When DAVID asked for clarification, the operative stated

"I'd hate to see you get hurt," plainly implying that DAVID should abandon his campaign or risk violence against his person;

c.     Attempts were made to blackmail DAVID, with false threats being made that QUINN and MADIGAN had embarrassing pictures of DAVID and would release them if he continued his campaign;

d.     Harassment of DAVID occurred on social media, with persons using fake accounts and identities while making threats against DAVID's life and his family;

35.     On November 19, 2018, QUINN filed nomination paperwork with the BOARD for his name to appear on the ballot as a candidate for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

36.     In defiance of the threats and intimidation he faced from Defendants, on November 20, 2018 DAVID filed nomination paperwork for his name to appear on the ballot for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.  DAVID filed Nomination Petitions containing 1,703 valid voter signatures, a multiple of the minimum requirement of 473 valid voter signatures.

**H.     The Defendants' Expanded Conspiracy.**

37.     In reaction to DAVID's candidacy, Defendants expanded their conspiracy from a campaign of intimidation and harassment against DAVID to a campaign of intimidation, harassment against voters in the 13th Ward as well as fraud against the BOARD, all to eliminate DAVID as an opponent to QUINN for Alderman of the 13th Ward in the City of Chicago.

38.     Defendants agreed to engage in a campaign of intimidation, harassment and use of illegal tactics against voters in the 13th Ward (1) to obtain documents signed under oath by voters who signed Nomination Petitions for DAVID by which the voters would revoke their signatures on Nomination Petitions of DAVID; (2) obtain documents falsely signed under oath by voters who did not sign Nomination Petitions for DAVID by which the voters would revoke

10

their purported signatures on Nomination Petitions of DAVID, with the number of such false and fraudulent statements far exceeding the actual number of signatures submitted by DAVID; and (3) file all the statements with the BOARD in an attempt to defraud the BOARD into removing the name of DAVID from the ballot of the municipal election of February 26, 2019.

39. Defendants agreed to the scheme described above with the specific knowledge that they would submit false and fraudulent statements to the BOARD, first because the execution of the documents had been coerced by Defendants through intimidation of voters, and second because many of the statements they would submit to the BOARD would be executed by voters who never signed the Nomination Petitions of DAVID.

40. One or more Defendants, though themselves and their operatives and agents, acted to effectuate the goal of the expanded conspiracy, including but not limited to the following:

    a. sending operatives and agents of Defendants to the homes of voters in the 13rth Ward who signed Nomination Petitions for DAVID to demand and extort execution against the will of the said voters documents which revoked their signatures on Nomination Petitions of DAVID;

    b. having operatives and agents engage in repeated entry to the yards and doorways of voters in the 13th Ward who signed Nomination Petitions for DAVID to further demand and extort execution of documents which signatures on Nomination Petitions of DAVID, even after the first request was refused, so to harass and intimidate said voters into signing documents revoking their signatures on Nomination Petitions of DAVID;

    c. having operatives and agents block in a physically threatening manner the path to the doorways of the homes of voters in the 13th Ward who signed Nomination Petitions for DAVID even after the first request was refused, and thereafter deny the voters entry to their own homes unless and until the voters agreed to sign statements revoking their signatures on Nomination Petitions of DAVID;

    d. having operatives and agents threaten a cutoff of Ward services to voters in the 13th Ward who signed Nomination Petitions for DAVID if they would not sign documents revoking their signatures on Nomination Petitions of DAVID;

11

e.      having operatives and agents engage in misrepresentations to voters in the 13th Ward who signed Nomination Petitions for DAVID concerning the legal effect of documents revoking their signatures on Nomination Petitions of DAVID in order to prevent the voters from realizing that the documents would revoke their signatures on said Nomination Petitions;

f.      having operatives and agents affirmatively identify themselves as "from the Alderman's Office" while showing identification as same, while asking for signatures on documents revoking signatures on Nomination Petitions of DAVID with the false explanation that the signature was only to verify the voter signature for election records; and,

g.      having operatives and agents state to voters in the 13th Ward who signed Nomination Petitions for DAVID that their signature on Petitions for DAVID were "illegal" making mandatory the execution of statements revoking said signatures.

## I.    **The Objection Proceeding.**

41.    On January 3, 2019, under the name of Objector Moeen Zahdan, who was merely an operative for Defendants, Defendants and their counsel filed with the BOARD an Objection to the Nomination Petitions filed by DAVID. The Objection was not instigated by or prepared at the direction of Moeen Zahdan, but instead by Defendants and their agents. (Proceedings upon the Objection will hereinafter be referred to as the "Objection Proceeding.")

42.     With the Objection, Defendants filed with the BOARD 2,796 statements under oath of voters purportedly revoking signatures on the Nomination Petitions filed by DAVID, even though the Nomination Petitions of DAVID contained 1,703 signatures. Defendants filed the statements with the BOARD with knowledge that hundreds of the statements were false and fraudulent, in an attempt to defraud the BOARD.

43.    Of the 2,796 statements filed by Defendants with the BOARD in the Objection Proceeding, only 187 of the statements were executed by voters who had signed the Nomination

Petitions of DAVID.  Defendants filed as many as 2,609 false and fraudulent statements under oath executed by persons who never signed the Nomination Petitions of DAVID.

44.     Even the 187 statements under oath filed by Defendants with the BOARD by which signatures on DAVID's Nomination Petitions were purportedly revoked were false and fraudulent because they had been obtained against the will of the signatories though a campaign of intimidation, harassment and misrepresentation by agents and operatives of Defendants.

45.     In the face of public outcry over their misconduct and with knowledge that their scheme had failed to obtain enough revocations of signatures to bring DAVID's total valid signatures below the minimum requirement of 473, counsel for Moeen Zahdan in the Objection Proceeding, who was a long-time attorney for MADIGAN, filed a document with the BOARD withdrawing the Objection Proceeding.  The BOARD acted upon the filing and the Objection Proceeding was dismissed, leaving DAVID's name on the ballot for Alderman in the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

46.     MADIGAN's ability to induce others to participate in the wrongful actions asserted herein was a direct result of the governmental and political power and influence held by him through his roles of Speaker of the Illinois House of Representatives, Representative of the 22nd Illinois House District, Chairman of the Democratic Party of Illinois and Democratic Ward Committeeman for the 13th Ward; his controls of political funds and fundraising abilities; his ability to direct, openly or surreptitiously, government appointments and employment, government contracts and other benefits to persons who were  compliant with his will, while withholding or even revoking such benefits when compliance with his will was refused or inadequately rendered.  As a result, any of MADIGAN's actions in his personal capacity as to

matters complained of herein cannot be separated from the authority he derives from the governmental and political positions that he holds.

47.     QUINN's ability to induce others to participate in the wrongful actions asserted herein was a direct result of the governmental and political power and influence created by his role of Alderman of 13th Ward of the City of Chicago  though obtaining appointments, employment, government contracts and other benefits when actions were taken by others that were  compliant with his will, and withdrawing such benefits when such compliance was refused or inadequately rendered.  As a result, any actions of QUINN actions in his personal capacity as to matters complained of herein cannot be separated from the authority he derives from the governmental and political positions that he holds.

48.     13TH WARD acted by and through its employees and/or agents, not all of which are known to Plaintiff at this time, including but not limited to the individual Defendants.

49.      CITIZENS FOR QUINN acted by and through its employees and/or agents, not all of which are known to Plaintiff at this time, including but not limited to QUINN.

50.     The actions of Defendants to intimidate and harass voters of the 13th Ward in the City of Chicago was successful in part because of the governmental and political power and influence of MADIGAN and QUINN described above, with the resulting fear of individual voters concerning the possible consequences of failing to comply with the demands of Defendants.

### COUNT I

### 42 U.S.C. § 1983 (First Amendment) Against Michael J. Madigan

51.     DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

14

52.     DAVID holds rights granted under the First Amendment of the United States Constitution (hereinafter "First Amendment") including but not limited to rights of free expression and free association.

53.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

54.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful actions against voters of 13th Ward of the City of Chicago  with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

55.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019.

56.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago so to cause them to execute false Affidavits claiming to revoke signatures on Nomination Petitions of DAVID when said voters never signed the Nomination Petitions of DAVID; and, (2) tendering said false statements under oath  to the BOARD with the intent to defraud the BOARD and cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019.

57.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

58.     As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, DAVID has suffered injuries of a personal and pecuniary nature.

59.     By reason of the misconduct of MADIGAN, DAVID was deprived of the rights secured to him by the First Amendment and laws enacted thereunder.  Therefore, MADIGAN is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

16

## COUNT II

### 42 U.S.C. § 1983 (First Amendment) Against Marty Quinn

60.     DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

61.     DAVID holds rights granted under the First Amendment of the United States Constitution (hereinafter "First Amendment") including but not limited to rights of free expression and free association.

62.     QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

63.     QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful actions against voters of 13th Ward of the City of Chicago  with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

64.     QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed

17

Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot or the municipal election of February 26, 2019.

65.     QUINN, while acting under color of law unlawfully interfered with DAVID's rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago  so to cause them to execute false Affidavits of voters of the 13th Ward of the City of Chicago  claiming to revoke signatures on Nomination Petitions of DAVID when said voters never signed the Nomination Petitions of DAVID; and, (2) tendering said false statements under oath  to the BOARD with the intent to defraud the BOARD and cause the BOARD to remove DAVID's name from the ballot in the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

66.     QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

67.     As a direct and proximate result of the foregoing acts and/or omissions by QUINN, DAVID has suffered injuries of a personal and pecuniary nature.

68. By reason of the misconduct of QUINN, DAVID was deprived of the rights secured to him by the First Amendment and laws enacted thereunder. Therefore, QUINN is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, MARTY QUINN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT III

### 42 U.S.C. § 1983 (First Amendment) Against Friends of Quinn

69. DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

70. DAVID holds rights granted under the First Amendment of the United States Constitution (hereinafter "First Amendment") including but not limited to rights of free expression and free association.

71. FRIENDS OF QUINN is so intertwined with and under the control of QUINN that its actions are an exercise of the power of QUINN.

72. FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

73. FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful

19

actions against voters of 13th Ward of the City of Chicago  with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

74.     FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive  DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019.

75.     FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive  DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago so to cause them to execute false Affidavits claiming to revoke signatures on Nomination Petitions of DAVID when said voters never signed the Nomination Petitions of DAVID; and, (2) tendering said false statements under oath  to the BOARD with the intent to defraud the BOARD and cause the BOARD to remove DAVID's name from the ballot in the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

76.     FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive  DAVID of the rights of free expression and free association under the First Amendment

20

by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

77.     As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF QUINN, DAVID has suffered injuries of a personal and pecuniary nature.

78.     By reason of the misconduct of FRIENDS OF QUINN, DAVID was deprived of the rights secured to him by the First Amendment and laws enacted thereunder.  Therefore, FRIENDS OF QUINN is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, FRIENDS OF MARTY QUINN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT IV

## 42 U.S.C. § 1983 (First Amendment) Against 13TH Ward

79.     DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

80.     DAVID holds rights granted under the First Amendment of the United States Constitution (hereinafter "First Amendment") including but not limited to rights of free expression and free association.

81.     13TH WARD is so intertwined with and under the control of MADIGAN that its actions are an exercise of the power of MADIGAN.

82.     13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

83.     13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful actions against voters of 13th Ward of the City of Chicago  with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

84.     13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019

85.      13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment,

fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot or the municipal election of February 26, 2019.

86.     13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and free association under the First Amendment by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

87.     As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, DAVID has suffered injuries of a personal and pecuniary nature.

88.     By reason of the misconduct of 13TH WARD, DAVID was deprived of the rights secured to him by the First Amendment and laws enacted thereunder.  Therefore, 13TH WARD is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, 13TH WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT V

### 42 U.S.C. § 1983 (Equal Protection) Against Michael J. Madigan

89.     DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

90.     DAVID holds rights granted under the Fourteenth Amendment of the United States Constitution (hereinafter "Fourteenth Amendment") including but not limited to the right of equal protection.

91.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

92.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful actions against voters of 13th Ward of the City of Chicago  with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

93.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection  under the Fourteenth Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination

24

Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019.

94.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection  under the Fourteenth Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago so to cause them to execute false Affidavits claiming to revoke signatures on Nomination Petitions of DAVID when said voters never signed the Nomination Petitions of DAVID; and, (2) tendering said false statements under oath  to the BOARD with the intent to defraud the BOARD and cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019.

95.     MADIGAN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and Equal protection under the Fourteenth Amendment by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

96.     As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, DAVID has suffered injuries of a personal and pecuniary nature.

97.     By reason of the misconduct of MADIGAN, DAVID was deprived of the rights secured to him by the Fourteenth Amendment and laws enacted thereunder.  Therefore, MADIGAN is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

### COUNT VI
### 42 U.S.C. § 1983 (Equal Protection) Against Marty Quinn

98.     DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

99.     DAVID holds rights granted under the Fourteenth Amendment of the United States Constitution (hereinafter "Fourteenth Amendment") including but not limited to the right of equal protection.

100.    QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

101.    QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful actions against voters of 13th Ward of the City of Chicago with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

102.    QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally

26

engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot or the municipal election of February 26, 2019.

103.    QUINN, while acting under color of law unlawfully interfered with DAVID's right of equal protection  under the Fourteenth Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago  so to cause them to execute false Affidavits of voters of the 13th Ward of the City of Chicago  claiming to revoke signatures on Nomination Petitions of DAVID when said voters never signed the Nomination Petitions of DAVID; and, (2) tendering said false statements under oath  to the BOARD with the intent to defraud the BOARD and cause the BOARD to remove DAVID's name from the ballot in the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

104.    QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and Equal protection under the Fourteenth Amendment by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

105.    As a direct and proximate result of the foregoing acts and/or omissions by QUINN, DAVID has suffered injuries of a personal and pecuniary nature.

106.    By reason of the misconduct of QUINN, DAVID was deprived of the rights secured to him by the Fourteenth Amendment and laws enacted thereunder.  Therefore, QUINN is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, MARTY QUINN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT VII

### 42 U.S.C. § 1983 (Equal Protection) Against Friends of Quinn

107.    DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

108.    DAVID holds rights granted under the Fourteenth Amendment of the United States Constitution (hereinafter "Fourteenth Amendment") including but not limited to the right of equal protection.

109.    FRIENDS OF QUINN is so intertwined with and under the control of QUINN that its actions are an exercise of the power of QUINN.

110.    FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

111.    FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive  DAVID of the right of equal protection  under the Fourteenth Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful

actions against voters of 13th Ward of the City of Chicago with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

112.    FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019.

113.    FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago so to cause them to execute false Affidavits claiming to revoke signatures on Nomination Petitions of DAVID when said voters never signed the Nomination Petitions of DAVID; and, (2) tendering said false statements under oath to the BOARD with the intent to defraud the BOARD and cause the BOARD to remove DAVID's name from the ballot in the election of Alderman of 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

114.    FRIENDS OF QUINN acted under color of law unlawfully to interfere with and deprive DAVID of the rights of free expression and Equal protection under the Fourteenth

29

Amendment by intentionally engaging in and directing a campaign of submitting false and fraudulent statements, as well as statements that were obtained as a result of intimidation and harassment, all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot of the municipal election of February 26, 2019.

115.    As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF QUINN, DAVID has suffered injuries of a personal and pecuniary nature.

116.    By reason of the misconduct of FRIENDS OF QUINN, DAVID was deprived of the rights secured to him by the Fourteenth Amendment and laws enacted thereunder.  Therefore, FRIENDS OF QUINN is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, FRIENDS OF MARTY QUINN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT VIII

## 42 U.S.C. § 1983 (Equal Protection) Against 13TH Ward

117.    DAVID re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

118.    DAVID holds rights granted under the Fourteenth Amendment of the United States Constitution (hereinafter "Fourteenth Amendment") including but not limited to the right of equal protection.

119.    13TH WARD is so intertwined with and under the control of MADIGAN that its actions are an exercise of the power of MADIGAN.

120.    13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection under the Fourteenth Amendment by intentionally engaging in and directing actions to intimidate DAVID into withdrawing from a campaign for Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019.

121.    13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection  under the Fourteenth Amendment by intentionally engaging a campaign of physical intimidation, harassment and other unlawful actions against voters of 13th Ward of the City of Chicago  with the purpose of hindering and otherwise preventing DAVID from obtaining sufficient political support and signatures upon Nomination Petitions to obtain access to the ballot for the election of Alderman of 13th Ward of the City of Chicago  in the municipal election of February 26, 2019.

122.    13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection  under the Fourteenth Amendment by intentionally engaging in and directing a campaign of physical intimidation, harassment, fraud and other unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination Petitions for DAVID so to cause said voters to execute against their will documents revoking their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the BOARD to remove DAVID's name from the ballot for the municipal election of February 26, 2019

123.    13TH WARD acted under color of law unlawfully to interfere with and deprive DAVID of the right of equal protection  under the Fourteenth Amendment by intentionally engaging in and directing a campaign of (1) physical intimidation, harassment, fraud and other

unlawful actions against voters in 13th Ward of the City of Chicago who signed Nomination

Petitions for DAVID so to cause said voters to execute against their will documents revoking

their signatures on Nomination Petitions of DAVID, in turn to allow Defendants to cause the

BOARD to remove DAVID's name from the ballot or the municipal election of February 26,

2019.

124.    13TH WARD acted under color of law unlawfully to interfere with and deprive

DAVID of the rights of free expression and Equal protection under the Fourteenth Amendment

by intentionally engaging in and directing a campaign of submitting false and fraudulent

statements, as well as statements that were obtained as a result of intimidation and harassment,

all to defraud the BOARD in order cause the BOARD to remove DAVID's name from the ballot

of the municipal election of February 26, 2019.

125.    As a direct and proximate result of the foregoing acts and/or omissions by 13TH

WARD, DAVID has suffered injuries of a personal and pecuniary nature.

126.    By reason of the misconduct of 13TH WARD, DAVID was deprived of the rights

secured to him by the Fourteenth Amendment and laws enacted thereunder.  Therefore, 13TH

WARD is liable to DAVID pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendant, 13TH

WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive

damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court

deems just and proper.

<u>COUNT XI</u>
<u>42 U.S.C. § 1983 – Civil Conspiracy Against All Defendants</u>

137. DAVID re-alleges and incorporates by reference paragraphs 1 through 126 as though fully set forth herein.

138. DAVID holds rights granted under the First Amendment of the United States Constitution (hereinafter "First Amendment") Fourteenth Amendment of the United States Constitution (hereinafter "Fourteenth Amendment") including but not limited to the rights of free speech, free association and equal protection of the laws.

139. Defendants, while acting under color of law, conspired among themselves and, on Plaintiff's information and belief, others to violate DAVID's constitutional rights under the First Amendment and Fourteenth Amendment, as detailed *supra* in Counts I through VIII.

140. Defendants and/or others engaged in an express or implied agreement among them to deprive DAVID of his rights under the First Amendment and Fourteenth Amendment.

141. There was a meeting of the minds between the Defendants and other conspirators that a victory by DAVID in the race for Alderman of the 13W would significantly and negatively impact the governmental and political power of Defendants.

142. The Defendants worked in conjunction to ensure that QUINN would retain his seat as Alderman of the 13th Ward of the City of Chicago in the municipal election of February 26, 2019 by acting against DAVID, his supporters, and other persons in the 13th Ward in the City of Chicago.

143. The Defendants took multiple overt acts to achieve the ends of the conspiracy as stated herein.

144.    DAVID suffered actual deprivations of his constitutional rights as a direct result of overt acts taken by one or more Defendants in furtherance of the conspiracy as detailed herein.

145.    As a direct and proximate result of the foregoing acts and/or omissions by Defendants, DAVID suffered injuries of a personal and pecuniary nature.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against the Defendants, MARTY QUINN, MICHAEL J. MADIGAN, CITIZENS FOR MARTY QUINN, and 13TH WARD DEMOCRATIC ORGANIZATION, jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT X
## 10 ILCS 5/29-18 –Conspiracy Against All Defendants

146.    DAVID re-alleges and incorporates by reference paragraphs 1 through 126 as though fully set forth herein.

147.    10 ILCS 5/29-18 provides that:

If 2 or more persons conspire to prevent by force, intimidation, threat, deception, forgery or bribery any person from registering to vote, or preventing any person lawfully entitled to vote from voting, or preventing any person from supporting or opposing, in a legal manner, the nomination or election of any person for public or political party office, or a proposition voted upon at any election, or to injure any person or such person's property on account of such vote, support or advocacy, and if one or more persons so conspiring do, attempt or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property or deprived of having or exercising any right, privilege or immunity secured by the Constitution or laws of the United States or the State of Illinois relating to the conduct of elections, voting, or the nomination or election of candidates for public or political party office, all persons engaged in such conspiracy shall be liable to the party injured or any person affected, in any action or proceeding for redress.

148.    Defendants violated 10 ILCS 5/29-18 when they conspired to prevent, by use of intimidation, threats, and deception, residents of the 13th Ward in the City of Chicago from

34

supporting in a legal manner the nomination and election of DAVID to the office of Alderman of the 13th Ward in the City of Chicago.

149.    As a direct and proximate result of the foregoing acts by Defendants, DAVID suffered injuries of a personal and pecuniary nature.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against Defendants, MARTY QUINN, MICHAEL J. MADIGAN, CITIZENS FOR MARTY QUINN, and 13TH WARD DEMOCRATIC ORGANIZATION, jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XI
## 10 ILCS 5/29-17– Deprivation of Constitutional Rights Against All Defendants

150.    DAVID re-alleges and incorporates by reference paragraphs 1 through 126 as though fully set forth herein.

151.    DAVID holds rights granted under the First Amendment of the United States Constitution (hereinafter "First Amendment") Fourteenth Amendment of the United States Constitution (hereinafter "Fourteenth Amendment") including but not limited to the rights of free speech, free association and equal protection of the laws.

152.    10 ILCS 5/29-17 provides that:

Any person who subjects, or causes to be subjected, a citizen of the State of Illinois or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or of the State of Illinois, relating to registration to vote, the conduct of elections, voting, or the nomination or election of candidates for public or political party office, shall be liable to the party injured or any person affected, in any action or proceeding for redress.

35

153.    Defendants violated 10 ILCS 5/29-17 by depriving DAVID OF HIS constitutional rights under the First and Fourteenth Amendments relating to the nomination or election of a candidate for public office.

154.    As a direct and proximate result of the foregoing acts and/or omissions by Defendants, DAVID suffered injuries of a personal and pecuniary nature.

WHEREFORE Plaintiff DAVID KRUPA, demands judgment against the Defendants, MARTY QUINN, MICHAEL J. MADIGAN, CITIZENS FOR MARTY QUINN, and 13TH WARD DEMOCRATIC ORGANIZATION, jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

Respectfully submitted,

DAVID KRUPA

By: _____
            Anthony J. Peraica

Anthony J. Peraica  ARDC No. 6186661
Stephen F. Boulton ARDC No. 6186906
ANTHONY J. PERAICA & ASSOCIATES, LTD.
5130 S. Archer Avenue
Chicago, Illinois 60632
773-735-1700